# Commonwealth of Pennsylvania, Plff. in Err., *v.* William Cook.

## Same *v.* Same.

Upon conviction of fornication and bastardy, a defendant may be sentenced to pay a fine of $100, to pay the costs of prosecution, to give bond for the performance of any subsequent order of maintenance, and to stand committed until compliance.

Payment of lying-in expenses and an order of maintenance are not required to be imposed as part of the sentence; or at least it is not error to refuse to impose them after the defendant has been discharged from custody under the insolvent laws.

A defendant so convicted, sentenced, and in custody may, after three months' imprisonment, obtain his discharge under the insolvent laws, without complying with any part of the sentence.

(Decided October 4, 1886.)

Certiorari to the Quarter Sessions of Warren County to review a judgment discharging a rule to show cause why an additional sentence should not be imposed. Affirmed.

Certiorari sur appeal from a decree of the Common Pleas of Warren County discharging an insolvent debtor. Affirmed.

The facts out of which these cases arose, as they appeared by the records, were as follows:

William Cook, the defendant in error and appellee, was on

NOTE.—A defendant sentenced for fornication and bastardy and discharged under the insolvent laws after three months cannot be re-arrested for failure to pay subsequent instalments. Com. v. Dee, 14 Pa. Super. Ct. 640; Com. v. Cook, 4 W. N. C. 333; Com. v. Faulkner, 3 W. N. C. 540; Com. v. Kyler, 1 Pa. Co. Ct. 159; Com. v. Snyder, 4 Pa. Co. Ct. 261; *contra*, Com. v. Miller, 3 W. N. C. 301, 34 Phila. Leg. Int. 20. But this is not true where the defendant remained in jail in execution of another sentence, though for more than three months. Com. v. Bird, 2 Pa. Co. Ct. 577. Instalments accruing after the discharge of the prisoner can be collected only by execution on after-acquired property. Com. v. Dee, 14 Pa. Super. Ct. 640.

December 3, 1884, indicted for fornication and bastardy, was convicted December 6, 1884, and sentenced, on December 13, 1884, to pay a fine of $100 to the overseers of the poor of Warren county, or the commissioners of the Rouse estate, and the costs of the prosecution, to give bond with one or more sufficient sureties to said overseers, in the sum of $500, to perform such order for the maintenance of said bastard child as the court should direct, and to stand committed and in custody until the sentence should be complied with.

The prisoner was accordingly committed and remained in custody until March 16, 1885, when he was discharged upon giving bond to apply for the benefit of the insolvent laws.

June 1, 1885, he presented his petition in the common pleas of Warren county setting forth: "That he was arrested and detained in the custody of E. A. Allen, sheriff of Warren county, by sentence of the court of quarter sessions of Warren county, and that he was discharged from such custody by order of the court of common pleas, upon giving bond to the commonwealth, with security approved by said court, conditioned to appear at this term of said court and present his petition for the benefit of the insolvent laws of the commonwealth; . . . that he has resided within the commonwealth for six months immediately preceding this application; . . . that he is willing to deliver up all his property for the use of his creditors, etc.; that his petition is accompanied with a statement of all his estate, effects, and property, and also a statement of debts due by him, with a statement of the causes of his insolvency."

This petition and statements were duly verified. The petition was ordered to be filed, a day was fixed for a hearing, of which notice for three successive weeks was ordered to be given, and on July 27, 1885, upon proof of publication of notice of hearing for two consecutive weeks, the petitioner applied for a final order of discharge.

The commonwealth thereupon filed an objection to the discharge "for the reason that the said William Cook has not been in actual confinement, in pursuance of sentence for fornication and bastardy, for a period not less than three months, the prisoner never having been sentenced for same according to law."

The court overruled the objection and, after the petitioner had taken the required oath and assigned to trustees, entered a decree discharging him.

On the same day and immediately after this decree was entered the commonwealth moved the court of quarter sessions "to pronounce sentence upon the prisoner, by directing him to pay the expenses, if any, incurred at the birth of the bastard child, and by making such order for the maintenance of the said child as the court shall direct and appoint, in addition to giving bond to comply with said order to pay the fine provided by law."

A rule to show cause was granted, and afterward discharged; whereupon, the commonwealth obtained these two writs; and upon the certiorari to the quarter sessions assigned as error the action of the court in discharging the rule. Upon the certiorari sur appeal from the common pleas, the commonwealth assigned as error that the court had no jurisdiction, under the insolvent laws, to discharge or give relief to a person confined by sentence or order of a criminal court, save for the causes specified in the forty-seventh section of the act of June 16, 1836, and that the petition did not set forth such a cause.

*Geo. H. Higgins,* Dist Atty., *H. H. Goucher,* and *J. H. Donly,* for commonwealth, plaintiff in error and appellant.—It was the plain duty of the court of quarter sessions to sentence the defendant in accordance with the directions of the thirty-seventh section of the act of March 31, 1860, which is mandatory and demands a compliance therewith in four essential particulars, *viz.:* A fine not exceeding $100, payment of the expenses incurred at the birth of such child, an order for maintenance, and a bond, with sureties, for the performance of such order.

Fornication and bastardy are, so far as the punishment is concerned, two separate and distinct offenses; for the sequent offense of bastardy may or may not follow the act of fornication; hence, the legislature prescribed a fine for fornication, and an additional punishment for bastardy. The defendant was found guilty of both of these offenses on this indictment, and he is therefore subject to the punishment prescribed for each and both. The court below imposed a fine for fornication only.

The costs, and the lying-in expenses, and the maintenance of the child are essential parts of the sentence in such cases. Com. v. Ahl, 43 Pa. 62; Com. v. Gurley, 45 Pa. 392.

The sentence of the court must conform to the statute. Daniels v. Com. 7 Pa. 371.

Security may be ordered for the performance of all the sentence, except the fine and costs. Goddard v. Com. 6 Serg. & R. 282.

The errors appearing in the sentence upon the record in this case are manifest; and this court has ample power, under the first section of the act of June 16, 1836, to either reverse, correct, or remit to the court below, with directions that the same be corrected, and the sentence pronounced according to law. Daniels v. Com. 7 Pa. 371; Mills v. Com. 13 Pa. 631; Com. v. Gurley, 45 Pa. 392.

As the prisoner was confined under a defective and illegal sentence, that sentence afforded him no ground for seeking relief under the insolvent laws.

*Brown & Stone,* for William Cook, defendant in error and appellee.—The defendant was sentenced to pay the fine and costs prescribed as a punishment for the crime, and to give the bond required by law as indemnity against the expense incurred or likely to be incurred as a consequence of his crime. This bond may be for the performance of all the sentence except the fine and costs. Goddard v. Com. 6 Serg. & R. 282.

The court was correct in refusing to resentence the prisoner, as he was not then in custody and the term at which sentence was pronounced had expired; and hence, the time within which the sentence could be changed had passed.

The common pleas had jurisdiction of the petition for the benefit of the insolvent laws and the proceedings were legal.

By the act of June 16, 1836, the court of common pleas of any county "in which any person may be confined for nonpayment of any fine, or of the costs of prosecution, or upon conviction of fornication or bastardy, and for no other cause, shall have power to discharge such person from such confinement on his making application and conforming to the provisions herein-

before directed in the case of insolvent debtors: *Provided,* That where such person shall have been sentenced to the payment of a fine, or after a conviction of fornication and bastardy, he shall not be entitled to make such application until after he shall have been in actual confinement in pursuance of such sentence for a period not less than three months." Purdon's Digest, p. 784.

By the act of January 24, 1849, it was provided that "any applicant for the benefit of the insolvent laws, who is or may hereafter be in confinement under sentence of any criminal court and who shall be entitled to be released from such confinement, on a compliance with the provisions of existing acts of assembly, shall be released on giving bond as in civil cases." Id.

And in civil cases any judge of the court of common pleas or the prothonotary of such court may make an order for the discharge of any debtor on his giving bond to appear at the next term of the court of common pleas of said county and present his petition for the benefit of the insolvent laws, etc. Id. 778.

PER CURIAM:

These two cases were argued together. They arise out of the same transaction and are somewhat blended. Some slight errors and irregularities do appear, but they are not of such magnitude as to demand a reversal of either judgment or decree, Therefore,—

Judgment and decree each affirmed and the appeal dismissed, at the costs of the appellant.